22718

Ex parte C. B. ASKINS, Sr. In re C. B. ASKINS, Sr., and Sue D. Askins, Respondents v. GEORGETOWN COUNTY WATER AND SEWER DISTRICT, Appellant.

(356 S. E. (2d) 838)

Supreme Court

*Sylvan L. Rosen,* of *Rosen, Rosen & Scoville,* Georgetown, *for appellant.*

*Peter D. Hyman,* of *Hyman, Morgan, Brown, Jeffords, Rushton & Fallon,* Florence, *for respondents.*

Heard April 17, 1987.

Decided May 4, 1987.

LITTLEJOHN, Acting Associate Justice:

This case involves the assessment by the Georgetown County Water and Sewer District (Sewer District) of sewer fees against subdivision lots in Garden City Beach owned by C. B. Askins, Sr., and his wife, Sue D. Askins. The circuit court granted the Askins' motion for summary judgment on the ground the assessments violated due process and equal protection. We affirm in part and reverse in part.

Mr. Askins owns two contiguous lots on Waccamaw Drive in Garden City Beach. He acquired Lots 3 and 4 of Block 22 by deeds dated March 30, 1985, and March 18, 1957, respectively. A vacation home is constructed on Lot 4 and a garage on Lot 3. On November 29, 1976, Mrs. Askins acquired title to two parcels. One, Lot 5 of Block 22, is adjacent to the vacation home. There are no permanent improvements on this lot other than a perimeter fence. The second, Lot 5 of Block 21, is across the street. It is an oceanfront property and contains a gazebo from which the beach and ocean may be observed.

In March 1981, the Sewer District issued revenue bonds for construction of sewage collection lines. Assessments were authorized for abutting property owners. On October 6, 1982, the Sewer District informed the Askins the assessment would be imposed against their property on a per lot basis. An annual per parcel assessment of $128.63 was to be paid for 20 years. The Sewer District overruled the Askins' objections to this method of assessment.

The Askins appealed to the circuit court, which held that only one assessment should be made against the four lots.

The Sewer District contends the circuit court erred in holding it may not assess each of the Askins' four lots. The Askins counter that their property is used as one residential unit, and that apportionment of sewer fees must be according to the benefits the property receives. The Askins argue that because their vacation residence utilizes only one sewer tap, only the fee applicable to one parcel should be assessed.

"[W]here two or more tracts or parcels are occupied and used together for a single purpose, their separate identities become merged into one and they may be valued and assessed in solido, whether owned by one person, or by different persons." 70 Am. Jur. (2d) *Special or Local Assessments* § 85 (1973).

We agree with the Askins that the two lots owned by Mr. Askins, on which the garage and home are located, are one residential unit and should receive one assessment. The Sewer District conceded at oral argument that construction of another residence on these lots would be prohibited under present zoning laws. The two lots owned by Mrs. Askins, however, are distinguishable. Mr. Askins' affidavit states

the family has no plans to sell the lots. However, they are vacant lots and could be sold at any time.

In *Newton v. Hanlon*, 248 S. C. 251, 265, 149 S. E. (2d) 606, 614 (1966) this court stated:

> There is no merit in the contention that the owner of a vacant lot who does not plan to build on it should not be subjected to the frontage assessment for a sewage collection line in the street upon which his lot abuts. It cannot be doubted that the construction of such facilities will enhance the value of the lot; and we do not think it mere speculation to assume that a building will be erected thereon within the foreseeable future although the owner has no present plans in that regard. It is not essential that the benefits of a local improvement be direct or immediate.

Applying this reasoning to the facts here, we hold the circuit court erred in ruling the Sewer District may not assess each of the two vacant lots owned by Mrs. Askins. Their value has been increased by the installation of the abutting sewer line. Accordingly, we modify the circuit court's order to provide that the Askins must pay three sewer assessments.

The Sewer District's remaining exceptions are without merit, and we affirm pursuant to Supreme Court Rule 23.

Affirmed in part and reversed in part.

NESS, C. J., and GREGORY, HARTWELL and FINNEY, JJ., concur.